UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER SHAYA,

         Plaintiff,

v.

SIGNIFY HEALTH, LLC and
CENSEO HEALTH, LLC,

         Defendants.

Case No. 2:21-cv-12719

Paul D. Borman
United States District Judge

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER (ECF No. 5) AS MOOT

On November 22, 2021, Defendants Signify Health, LLC and Censeo Health, LLC removed this case from Oakland County Circuit Court into this Court. (ECF No. 1). On November 29, they filed an Answer with Affirmative Defenses to Plaintiff Amber Shaya's Complaint. (ECF No. 3). Two days later, on December 1, they filed a Motion to Transfer Venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). (ECF No. 5).

Six days after that, on December 7, Plaintiff filed a First Amended Complaint "as a matter of course." Fed. R. Civ. Pro. 15(a)(1) ("A party may amend its pleading once as a matter of course within: . . . 21 days after service of a responsive pleading."). (ECF No. 9). This Amended Complaint expands on the facts set out in

1

the original Complaint and adds new claims. *Compare* (ECF No. 9) *with* (ECF No. 1).

Accordingly, "the original [Complaint] no longer performs any function in th[is] case." *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021). Therefore, Defendants' Motion to Transfer, which was filed in response to the original Complaint, is **DENIED AS MOOT**. *See USA Serv. Fin., LLC v. Barrett*, No. 18-cv-110, 2019 WL 1320516, at *1, 4 (W.D. Ky. Mar. 21, 2019) (finding a motion to transfer was moot because of a subsequently filed amended complaint); *PNC Fin. Servs. Grp., Inc. v. Pickerill*, No. 10-cv-1229, 2011 WL 13234320, at *1 (N.D. Ohio Mar. 4, 2011) ("Defendant[]'s Motion to Change/Transfer Venue[] [and other motions] are denied as moot, since they all refer to a version of the complaint which has been replaced." (internal citation omitted)); *see also Crawford*, 15 F.4th at 759 ("The general rule is that filing an amended complaint moots pending motions to dismiss.").

Defendants are free to refile their Motion to Transfer, with or without any updates they see fit, in response to Plaintiff's Amended Complaint. The Court notes that § 1404(a) does not include a time limit, but a motion under this provision "may be denied if the passage of time or any delay causes undue prejudice or is considered dilatory." U.S. Dep't of Just., *Civil Resource Manual*, at 42. Change of Venue, available at https://www.justice.gov/jm/civil-resource-manual-42-change-venue

2

[https://perma.cc/N3RK-3AZQ]; *see also Floyd's 99 Holding, LLC v. Judes Barbershop, Inc.*, No. 12-cv-14696, 2013 WL 4607370, at *2 (E.D. Mich. Aug. 29, 2013) (citing *Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 744 (S.D.W.V. 2010) for the proposition that "there is no time lime on § 1404(a) motions for 'convenience' transfers").

**IT IS SO ORDERED.**

                                                                           s/Paul D. Borman

Dated: December 8, 2021                          Paul D. Borman
                                                                        United States District Judge